BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
WARREN METLITZKY (CABN 220758)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7066
Facsimile: (415) 436-6748
Email: warren.metlitzky@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUENTIN PIERCE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 15-CV-02811-JSC<br><br>**DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Date:　November 5, 2015<br>Time:　1:30 p.m.<br>Place:　Courtroom F<br>Judge:　Hon. Jacqueline S. Corley |

　　　　Defendant United States of America submits this CASE MANAGEMENT STATEMENT pursuant to the June 23, 2015 Order Setting Initial Case Management Conference And ADR Deadlines (Dkt. No. 3), and the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9. Defendant files this separate case management conference statement in accordance with Civil Local Rule 16-9(a).

### 1. Jurisdiction and Service

The parties are *pro se* plaintiff Quentin Pierce and defendant United States of America. This is an action for damages under the Federal Tort Claims Act ("FTCA"). The United States has been served, and filed an answer. Plaintiff's amended complaint no longer names any individual VA employee or the Department of Veterans Affairs, neither of whom were proper parties.

### 2. Facts

On January 14, 2013, a VA employee, Ms. Freitas, was sitting at "dosing window A," behind bullet proof glass containing a metal pass thru drawer, at the Behavioral Health Outpatient Clinic, in Oakland, CA. Plaintiff approached the window. He has a history of angry, threatening and disruptive behavior at the dosing window when he was unable to obtain his desired dose of medicine. His history of threatening behavior required law enforcement to respond on multiple occasions. In addition, plaintiff had recently been required to apologize at a Clinic staff meeting for inappropriate comments he had made about "Filipino immigrants." Ms. Freitas is Filipina.

Plaintiff walked up to Ms. Freitas' window and began making comments implying she was lazy, and mumbled other inappropriate comments. He then went to the Pharmacy window where he tried to obtain "take out" doses of his medicine. "Take out" doses are doses that can removed from the facility rather than provided on-site. The pharmacist directed him back to the dosing window because plaintiff was only authorized to receive single clinic doses and was not permitted to receive "take out" doses. Plaintiff responded angrily.

Plaintiff then called his case manager and complained that he had to "waste his time" coming to the clinic every day in order to receive his dose of medicine. His case manager however, would not authorize the "take out doses" as plaintiff did not meet the requirements for take-out doses. Plaintiff slammed down the phone and then called right back repeating his request.

Plaintiff went back to Ms. Freitas' dosing window very upset and said "I don't have to put up with you or this clinic. I'm going to get you one of these days." Plaintiff then suddenly put his arm into the drawer, trying to reach or scare Ms. Freitas. Ms. Frietas, afraid that plaintiff was trying to grab her,

instinctively closed the drawer. The pharmacist called the VA police and Officer Jones arrived and took plaintiff away from the window. The pharmacist verifies Ms. Freitas' account of the incident.

Officer Jones instructed plaintiff to leave the dosing area and go to the police office, and then to the main lobby, and he complied. Plaintiff declined medical treatment. Officer Jones examined plaintiff's hand and found the "tips of his fingers" to be "slightly red." Ms. Freitas, however, did not believe she had actually closed the door on Plaintiff's hand as she did not feel the drawer catch on anything. Officer Jones admonished Plaintiff for his behavior and informed him that the incident would be referred to the Disruptive Behavior Committee. Plaintiff then left the property. Later that day, at the David Grant Medical Center, plaintiff appeared angry and disheveled, and was talking to himself and making paranoid statements.

On January 15, 2013, the day following the incident, plaintiff told a staff nurse that his "right knuckles/fingers" were "sore" because the dosing staff had pulled the drawer shut while his "fingers (were) still hanging on to the edge of the metal drawer." Plaintiff also told the nurse that he still felt slight animosity toward (Ms. Freitas) because "she always frowns as me." He also stated that he planned to take a gun to Wells Fargo Berkeley and "get them" as a "last resort."

As a result of his history of outbursts, threats and aggressive conduct toward VA staff, plaintiff is required to be escorted by VA police when on VA grounds, is limited to emergent care at VA sites where VA police or security is unavailable, and is prohibited from riding in VA shuttles.

### 3.     Legal Issues

Some of the legal issues are: (1) Whether Ms. Freitas acted unreasonably in closing the drawer when plaintiff tried to reach through and grab here; (2) whether Ms. Freitas' actions caused any injury to plaintiff; and (3) the extent of plaintiff's injuries.

### 4.     Motions

Depending on how the facts of the case develop in discovery, defendant may bring a motion for summary judgment.

USA'S SEPARATE CMC STATEMENT
CASE NO. 15-CV-02811-JSC

3

**5.     Amendment of Pleadings**

Plaintiff has amended his complaint to name only the United States, and to specify that he is alleging negligence. The United States will amend its answer accordingly.

**6.     Evidence Preservation**

Defendant has taken reasonable steps to preserve documents.

**7.     Disclosures**

The parties have not yet exchanged initial disclosures.

**8.     Discovery**

Defendant intends to serve document requests and take depositions of plaintiff, relevant VA employees, plaintiff's treating doctors and third party witnesses to the events surrounding the incident. Defendant will serve discovery requests and interrogatories, and may request a medical examination of plaintiff.

**9.     Class Actions**

This is not a class action.

**10.    Related Cases**

Defendant is not aware of any related cases.

**11.    Relief**

Plaintiff seeks compensatory damages for loss of income, physical injury, pain and emotional distress.

**12.    Settlement and ADR:**

The parties have met and conferred regarding ADR, but have not yet determined whether plaintiff is agreeable to requesting a settlement conference with a magistrate judge. For ADR purposes, defendant requests that the court send the parties to a settlement conference with a magistrate judge.

**13.    Consent to Magistrate Judge For All Purposes**

Defendant consents to proceed before Magistrate Judge Jacqueline S. Corley for all purposes.

**14.    Other References**

None.

**15.   Narrowing of Issues:**

Plaintiff has amended his complaint to identify the tort at issue—negligence—which will assist in narrowing the issues in the case.

**16.   Expedited Trial Procedure**

Defendant does not wish this case to be handled under the Expedited Trial Procedure of General Order 64.

**17.   Defendants' Suggested Case Schedule**

| | |
|---|---|
| Non-Expert Discovery Cut-Off: | Friday, May 27, 2016 |
| Expert disclosures: | Friday, June 10, 2016 |
| Expert Discovery Cut-Off: | Friday, July 15, 2016 |
| Dispositive Motions Filing Deadline: | Thursday, July 28, 2016 |
| Pre-Trial Conference: | Thursday, November 17, 2016 |
| Trial Date: | Monday, December 12, 2016 |

**18.   Trial**

Defendant expects trial to last approximately three (3) days. Plaintiff requests a jury trial, but there is no right to a jury trial for case brought under the FTCA.

**19.   Disclosure of Interested Persons.**

None.

**20.   Professional Conduct**

Defense counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Issues**

None.

DATED: October 29, 2015

Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

/s/
WARREN METLITZKY
Assistant United States Attorney

USA'S SEPARATE CMC STATEMENT
CASE NO. 15-CV-02811-JSC