UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN PIERCE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.15-cv-02811-JSC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

    Plaintiff Quentin Pierce filed this Federal Tort Claims Act action in June 2015. Because Plaintiff has failed to respond to discovery requests, including his noticed deposition, and failed to comply with this Court's Orders including an Order to Show Cause as to why this action should not be dismissed for failure to prosecute, the Court DISMISSES this action with prejudice.[1]

## BACKGROUND

    Over the last several months, Defendant has attempted to obtain discovery from Plaintiff regarding his claims. After Plaintiff failed to attend the Case Management Conference on February 16, 2017, the Court issued an Order requiring Plaintiff to respond to the outstanding written discovery requests by February 28, 2017 and appear for his deposition in the Court's Jury Room on March 9, 2017. (Dkt. No. 46.)  Plaintiff was warned that failure to comply with the Order could result in

---

[1] The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 8 & 15.)

dismissal of the action under Federal Rule of Civil Procedure 41(b). On March 8, 2017, Defendant filed a statement indicating that it had not received any written discovery responses from Plaintiff. On March 9, 2017, Plaintiff failed to appear for his deposition in the Court's Jury Room. (Dkt. No. 51.) The Court thus issued an Order to Show Cause as to why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 52.) Plaintiff was ordered to provide Defendant with the written discovery by March 23, 2017 and ordered to appear and show cause in person on April 6, 2017 as to why the action should not be dismissed for failure to prosecute and comply with the Court's orders. Plaintiff was warned that failure to respond would result in the dismissal of the action without further notice.

Instead of responding the Court's OSC, Plaintiff left three voicemails for Defendant's counsel on March 16, 2017. Plaintiff states that he cannot comply with the discovery requests and, among other things, in any angry tone uses profanities and threatens that there will be retaliation. Defendant shall place a CD of the voicemails in the Court's record and a transcript is attached to Docket No. 53-1.

On April 6, 2017, Plaintiff failed to appear and has not otherwise communicated with the Court; further, defense counsel advised the Court that she had not received the outstanding written discovery nor heard from Plaintiff.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 108s1, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423

(9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to respond to Defendant's discovery requests despite being given multiple opportunities to do so, failing to respond to the Court's Orders to Show Cause to provide such discovery, failing to appear for his Court-ordered deposition, and failing to appear for the Order to Show Cause hearing, Plaintiff has delayed adjudication of this action. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court twice extended the deadline for Plaintiff to provide his written discovery responses, and after he failed to appear for his deposition, the Court gave him the opportunity to appear and show cause as to why the action should not be dismissed. Plaintiff did not appear despite being warned that failure to do so would result in dismissal of the action without further notice. (Dkt. Nos. 46 & 52.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.""). As there appears to be no less drastic sanction than dismissal now practicably available, the fourth factor weighs in favor of dismissal.

3

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

## CONCLUSION

For the reasons stated above, this action is DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) due to Plaintiff's failure to obey court orders and failure to prosecute this case.

**IT IS SO ORDERED.**

Dated: April 7, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge