UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN PIERCE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.15-cv-02811-JSC<br><br>**ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTION**<br><br>Re: Dkt. No. 59 |

Plaintiff Quentin Pierce filed this Federal Tort Claims Act action in June 2015. After Plaintiff failed to respond to discovery requests, including his noticed deposition, and failed to comply with this Court's Orders including an Order to Show Cause as to why this action should not be dismissed for failure to prosecute, the Court dismissed the action for failure to prosecute on April 7, 2017. (Dkt. No. 56.) Nearly three months later, Plaintiff filed a document captioned "Plea to be heard by court and prevent dismissal" which the Court construes as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (Dkt. No. 59.) So construed, the motion is DENIED.

## BACKGROUND

Plaintiff proceeding pro se filed this civil action against the United States of America alleging that he was injured by an employee of Oakland Outpatient Clinic of the Veteran's Administration when he went to pick up his medication. (Dkt. No. 17 a ¶¶ 6-9.) Beginning in September 2016, Defendant attempted to obtain discovery from Plaintiff regarding his claims.

1  (Dkt. No. 43.) On February 16, 2017, Plaintiff failed to appear at the scheduled case management
2  conference. (Dkt. No. 44.) Based on Defendant's representation that Plaintiff still had not
3  responded to the written discovery, the Court ordered him to do so by February 28, 2017. (Dkt.
4  No. 46.) The Court also ordered Plaintiff to appear for his deposition in the Court's jury room on
5  March 9, 2017. (Dkt. No. 46.) Plaintiff was warned that failure to comply with the discovery
6  order could result in dismissal of the action under Federal Rule of Civil Procedure 41(b). Plaintiff
7  nonetheless failed to provide the written discovery responses or appear for his deposition. (Dkt.
8  Nos. 49 & 51.) The Court thus issued an Order to Show Cause as to why the action should not be
9  dismissed for failure to comply with the Court's orders. (Dkt. No. 52.) The Court again ordered
10 Plaintiff to provide his written discovery responses and appear for an order to show cause hearing
11 on April 6, 2017. (*Id.*) Plaintiff failed to appear at the show cause hearing. (Dkt. No. 55.) The
12 Court thus dismissed the action with prejudice for failure to prosecute and comply with the
13 Court's orders. (Dkt. No. 56.) Nearly three months later, Plaintiff filed the now pending motion
14 for relief.

## DISCUSSION

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992).

Although Plaintiff does not bring his motion under Rule 60, liberally construed, his motion seeks relief under Rule 60(b)(1) based on mistake, inadvertence, surprise or excusable neglect. While somewhat difficult to discern, Plaintiff appears to allege that over the last several months he has encountered numerous difficulties including problems with mail delivery, the flooding of the vehicle in which he resides which caused extensive damage to his possessions, having that same

vehicle towed for unknown reasons, his arrest and an indeterminate stay at the Alameda County Jail, a period of hospitalization, and that he "could not even cross the bay financially to present myself in a dignified manner." (Dkt. No. 59 at 3.)

The determination whether relief should be granted under Rule 60(b)(1) "depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

### 1) Prejudice to the Opposing Party

"To be prejudicial, the setting aside of a judgment or order must result in greater harm than simply delaying resolution of the case." *CEP Emery Tech Investors, LLC v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 1226028, at *4 (N.D. Cal. Apr. 1, 2011) (internal citation and quotation marks omitted). For example, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (internal citation and quotation marks omitted). Here, the Court previously found that Plaintiff's failure to prosecute this action has prejudiced Defendant including by depriving Defendant of the ability to obtain the information necessary to defend itself in this action. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (holding that a defendant is prejudiced when "plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."); *see also In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (noting that because "[t]he law presumes injury from unreasonable delay," "[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [opposing party] from the failure."). Accordingly, the Court finds that this factor weighs against granting Plaintiff's motion.

### 2) Length of the Delay

Federal Rule of Civil Procedure 60(c) requires that a Rule 60(b) motion be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of

the proceeding." "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981) (per curiam).  Here, Plaintiff filed his motion for relief nearly three months after the Court dismissed the action with prejudice for failure to prosecute.  While this period of time is not in and of itself excessive, it is beyond that which courts generally excuse. *See, e.g.*, *M.D. by & through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016), as amended (Nov. 18, 2016) (two day delay); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (three-day delay); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding a delay of over a month "not long enough to justify denying relief"). Further, when the cumulative delay in this action is considered, the delay is significant.  The case was dismissed, in part, because Plaintiff failed to respond to discovery requests over a seven month period and because he consistently failed to respond to the Court's orders or attend scheduled hearings.  Thus, the period of delay is more properly calculated from September 2016— the last time Plaintiff appeared for a scheduled case management conference and evidenced his desire to prosecute this action.  (Dkt. No. 41.)   Plaintiff's consistently dilatory conduct despite the Court's repeated warnings that missing future deadlines would result in dismissal with prejudice weighs against granting Plaintiff's motion as well.

### 3) Reason for the Delay

Plaintiff's motion for relief describes several issues Plaintiff has encountered over the last few months ranging from financial hardship, to loss of his vehicle, to lack of mail deliveries, to problems with law enforcement and a restraining order.  While the Court is sympathetic to the numerous difficulties Plaintiff appears to be facing, he has consistently failed to prosecute this action.  Notably, he does not state that his stay in the Alameda County Jail, which the Court understands was brief, precluded him from responding to the Court's orders.  Nor does he suggest that he was unaware of the Court's orders and deadlines; rather, he suggests that he had limited access to his mail and that he had difficulty responding because his phone was stolen.  This does not adequately explain why Plaintiff failed to respond to two separate Court orders directing him

4

to provide discovery and appear for a hearing and his deposition over a two-month period, especially given that the orders warned Plaintiff that the action would be dismissed if he did not respond. Further, Plaintiff delayed nearly three months in bringing his post-judgment motion for relief and there is no explanation for this delay. Nor does Plaintiff's filing suggest that he is in a better position now to prosecute this action than he was three months ago when it was dismissed. His rambling filing is hard to decipher and abruptly cuts off mid-sentence on page six. The Court thus finds that the reason for the delay likewise weighs against a granting Plaintiff's motion.

### 4) Good Faith

Finally, the Court considers whether Plaintiff has acted in good faith. The Court has no basis to conclude otherwise. However, this factor alone is not enough to tip the balance in favor of granting Plaintiff's motion for relief. *See, e.g.*, *Hassan v. Blackburne & SonsRealty Capital Corp.*, No. 14-CV-04836-LHK, 2015 WL 5915436, at *7 (N.D. Cal. Oct. 9, 2015) ("The Court finds that the three factors that weigh against granting [] relief from the Court's order []outweigh the single factor in her favor.")

## CONCLUSION

For the reasons stated above, Plaintiff's motion for relief from judgment is DENIED. (Dkt. No. 59.)

**IT IS SO ORDERED.**

Dated: July 19, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge